M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SUSAN M. MONTALBANO,<br><br>　　　　　Defendant. | Case No. 4:05-cr-0047-TWH<br><br>**DEFENDANT'S TRIAL BRIEF** |

　　　　Defendant, Susan M. Montalbano, by and through counsel M. J. Haden, Staff Attorney, submits the following trial brief to aid the court during the bench trial in the above styled case scheduled for Thursday, April 13, 2006.

I.　　INTRODUCTION

　　　　Ms. Montalbano is charged by way of Information with a single count of Assault, a Class B misdemeanor, in violation of 18 U.S.C. § 113. The government alleges that on July 28, 2005, on Fort Wainwright, Alaska, Ms. Montalbano assaulted Lindsey Rose with a closed hand to the face. Ms. Montalbano asserts that any contact she had with Ms. Rose was in self-defense.

II.     SEQUESTRATION OF WITNESSES

The sequestration of all witnesses is sought during testimony of other witnesses and during oral argument. The defense further seeks an order from the court that witnesses will not discuss their testimony in the courtroom with other witnesses. This admonition would extend to testifying law enforcement and investigative personnel. See Federal Rule of Evidence 615, and, e.g., 6 J. Wigmore, EVIDENCE §§ 1837-1838 (Chadbourne rev. 1976 and Supp. 1988).

III.    THEORY OF DEFENSE

The defendant will offer evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary in the circumstances. See MANUAL OF MODEL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, § 6.7 (2000 ed.).

Generally, a defendant is entitled to a self-defense instruction if she produces some evidence concerning the justification for the assaultive conduct. De Goot v. United States, 78 F.2d 244 (9th Cir. 1935); see United States v. Garner, 529 F.2d 962 (6th Cir.), cert. denied, 426 U.S. 922 (1976) (defendant need only present some evidence on theory of self-defense to warrant instruction). Even where the evidence leaves "little room" for a self defense claim, it is error to omit a self defense instruction. United States v. Morton, 999 F.2d 435, 437 (9th Cir. 1993). A defendant is entitled to a self-defense instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." United States v. Sanchez-Lima, 161 F.3d 545, 549 (9th Cir. 1998).

Once a defendant has introduced evidence of self-defense, the burden shifts to the government to disprove it beyond a reasonable doubt. <u>United States v. Jackson</u>, 726 F.2d 1466 (9th Cir. 1984). <u>See</u> MANUAL OF MODEL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, § 6.7 (2000 ed.).

Here, Ms. Montalbano will submit proof of self-defense. Thus, the burden will be on the government to show beyond a reasonable doubt that she did not act in reasonable self-defense.

IV.     <u>JENCKS ACT STATEMENTS AND DISCOVERY ISSUES</u>

Under 18 U.S.C. § 3500, the government must provide all written or recorded statements of government witnesses after their direct testimony. The government has provided some written statements of potential witnesses. The government should also provide statements made to the prosecutor or other law enforcement people in additional investigation and preparation for trial. If the Jencks Act material is provided before trial, the defense will not need to take up the court's time with review of the material in court.

Ms. Montalbano has requested discovery both orally and in writing. The government has represented that it complied with the requirements of Rule 16. There should be no outstanding discovery issues.

///

///

///

///

///

Once a defendant has introduced evidence of self-defense, the burden shifts to the government to disprove it beyond a reasonable doubt. <u>United States v. Jackson</u>, 726 F.2d 1466 (9th Cir. 1984). <u>See</u> MANUAL OF MODEL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT, § 6.7 (2000 ed.).

Here, Ms. Montalbano will submit proof of self-defense. Thus, the burden will be on the government to show beyond a reasonable doubt that she did not act in reasonable self-defense.

IV.    <u>JENCKS ACT STATEMENTS AND DISCOVERY ISSUES</u>

Under 18 U.S.C. § 3500, the government must provide all written or recorded statements of government witnesses after their direct testimony. The government has provided some written statements of potential witnesses. The government should also provide statements made to the prosecutor or other law enforcement people in additional investigation and preparation for trial. If the Jencks Act material is provided before trial, the defense will not need to take up the court's time with review of the material in court.

Ms. Montalbano has requested discovery both orally and in writing. The government has represented that it complied with the requirements of Rule 16. There should be no outstanding discovery issues.

///

///

///

///

///

DATED this 10th day of April, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on April 10, 2006, a copy of the foregoing document, with attachments, was served electronically on:

J. Thomas Bartleson, Esq.

/s/ M. J. Haden